IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BLUEMILE, INC.,

    Plaintiff,

  v.

YOURCOLO, LLC,

    Defendant.

Case No. 2:11-cv-497

JUDGE SARGUS

MAGISTRATE JUDGE DEAVERS

## TEMPORARY RESTRAINING ORDER

This matter is presently before the Court for consideration of Plaintiff's Application for a Temporary Restraining Order (Doc. 3).  For the reasons set forth herein, the motion is **GRANTED**.

### I. Background

The following facts are set forth for the limited purpose of addressing the immediate motion before the Court.  Any findings of fact and conclusions of law made by a district court in addressing a request for a temporary restraining order or injunctive relief are not binding at a trial on the merits.  *See United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).

According to the complaint, Plaintiff Bluemile, Inc. is an Ohio corporation in the business of selling internet technology services.  Plaintiff operates its business over two internet domain names, www.bluemilenetworks.com and www.bluemilecloud.com.  "Bluemile" is a registered trademark and service mark of Plaintiff and has been used continuously by Plaintiff since 2004.  Defendant Yourcolo, LLC is an Ohio limited liability company operating in the same business as Plaintiff as a direct competitor.  Plaintiff alleges that Defendant owns a website with the domain name http://www.bluemile.net and is responsible for the content of that website.

According to Plaintiff, that content contains false and disparaging statements of fact about Plaintiff's products and services. Plaintiff alleges that these statements were made with knowledge of their falsity or with a reckless disregard for the truth with the intention of injuring Plaintiff's business and benefiting Defendant as a direct competitor of Plaintiff.

The complaint includes claims made pursuant to provisions of the Lanham Act and the Anti-cybersquatting Consumer Protection Act ("ACPA") codified at 15 U.S.C. § 1125. The complaint also includes claims for defamation and tortious interference with business relations. Plaintiff has moved for the issuance of a temporary restraining order, and notice has been provided to Defendant of Plaintiff's motion.

## II. Discussion

The Sixth Circuit Court of Appeals has explained the inquiry involved in addressing either a motion for a temporary restraining order or a preliminary injunction:

> When ruling on a motion for [injunctive relief], a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997) (internal quotations and citations omitted)). *See also Edward Rose & Sons*, 384 F.3d at 261 (6th Cir. 2004) (quoting *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994)). The Sixth Circuit has further explained that a district court should not consider the foregoing factors as prerequisites to be met; rather, these factors are to be balanced in a weighing of the equities involved. *Edward Rose & Sons*, 384 F.3d at 261.

Upon review of the complaint and the attachments, the Court concludes that a balancing of the factors described above supports the issuance of a temporary restraining order in this case. Plaintiff has demonstrated ownership of a valuable trademark and has alleged that Defendant, a competitor of Plaintiff, controls a website with a domain name identical to the trademark. According to Plaintiff, Defendant uses the website to misdirect traffic through malicious use of Plaintiff's registered trademark and post false and misleading information about Plaintiff's products to Defendant's benefit and Plaintiff's detriment.  Thus, in the Court's view, Plaintiff is likely to succeed on the merits of some or all of its claims.  Additionally, irreparable harm and injury to Plaintiff is likely as long as the offending materials are accessible via the internet, issuance of the temporary restraining order is not likely to cause substantial harm to Defendants or others before this matter can be resolved on the merits, and the public interest is served by the removal of false and misleading information from the internet.  Accordingly, pursuant to Rule 65, a temporary restraining order is appropriate in this case and is issued as described below.

### III. Order

Based on the foregoing, Defendant Yourcolo, LLC, its employees, agents, attorneys, principals, owners, directors, officers, and any other person in active concert or participation are enjoined, prior to the expiration of this Order, from:

1) Publishing, uttering or otherwise using, in any way, shape or form, whatsoever, the trademark and service mark Bluemile;

2) Publishing, posting to or using, in any way, shape or form, whatsoever , the domain name http://www.bluemile.net;

3) Publishing or otherwise disseminating defamatory statements or information about or referencing, directly or indirectly, Bluemile; and

4) Interfering, directly or indirectly, with Plaintiff's relationship with and service to its customers, including without limitation the publication or other dissemination of false or defamatory statements about Plaintiff or the products and services provided by Plaintiff.

This Order is issued on June 10, 2011.  It shall remain in effect for fourteen (14) days following its issuance upon posting of the bond.  As security pursuant to Rule 65(c), Plaintiff is directed to deposit with the Clerk of the Court a bond in the amount of $1,000.00.

A hearing on Plaintiff's motion for a preliminary injunction is set for June 27, 2011 at 10 a.m.  An order setting a briefing and discovery schedule will subsequently be issued by the Court.

**IT IS SO ORDERED.**

 June 10, 2011                                     /s/*Edmund A. Sargus, Jr.*
**DATED**                                          **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**